STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-99-164
ULH- PEN- 11/13/2000

Kirk Mellott, )
     Plaintiff )
)
)
)
v. )  **ORDER**
)
)
Prudential Ins. Co. et al., )
    Defendants )

FILED AND ENTERED
SUPERIOR COURT

NOV 1 3 2000

PENOBSCOT COUNTY

Pending before the court is the plaintiff's "Motion to Strike Defendant Commercial Union/York Insurance Co.'s Expert Toxicologist Designation."

While the court will deny the motion and consequently allow the designation to stand, it does so with considerable reluctance. The December 22, 1999, Scheduling Order clearly set out the deadlines for the parties to designate their experts. Some of the provisions of that order were subsequently modified on the basis of timely motions. The plaintiff complied with the amended scheduling provisions. As the order was finally amended, the defendants were required to make their designation by July 22, 2000. In fact, defendant Commercial Union filed the challenged designation on August 21.

No one wants to discourage attorneys from discharging their professional responsibilities in a way that exhibits courtesy toward and cooperation with other counsel who represent adverse interests. The court recognizes that counsel, in that spirit, sometimes may be casual about court ordered deadlines. However, through scheduling orders and other mechanisms, judges are required to implement an established and orderly process by which cases make their way toward trial or some other resolution. A unilateral or even an unopposed deviation from a scheduling order renders that order superfluous. Scheduling orders can have meaning only if parties comply with them.

The court is concerned that the denial of the plaintiff's motion will be

construed as a message that a party may feel free to proceed in a manner that is inconsistent with the provisions of a formal, signed order. In the circumstances of this case, however, the plaintiff will not be exposed to any unfair prejudice if the motion is denied, trial will not be delayed, and the court hopes that the comments in this order will convey an expectation that counsel need to adhere to orders controlling the development of their case.

The entry shall be:

For the reasons set out in the order dated November 9, 2000, the plaintiff's motion to strike is denied. Defendant Commercial Union (sued as a underinsured motorist carrier) shall be entitled to designate JoAnn Samson, Ph.D., as an expert. The discovery period is enlarged for the limited purpose of allowing the plaintiff to depose Dr. Samson or pursue other comparable discovery. Any such discovery shall not delay trial. Although the plaintiff shall be responsible for any ordinary costs generated by that discovery, if the plaintiff incurs expenses directly caused by the need to complete that discovery quickly (such as the cost for an expedited transcript in excess of the cost of a transcript prepared in the normal course), defendant Commercial Union or its counsel shall be responsible for such costs.

Dated: November 9, 2000

_____
JUSTICE, SUPERIOR COURT
Jeffrey L. Hjelm

Date Filed _____ 8/4/99 _____ _____ PENOBSCOT _____ Docket No. _____ CV-99-164

County    5/26/00 - PRUDENTIAL INSURANCE CO - DISMISSED
                    **JUSTICE MEAD RECUSED**

Action __ CIVIL - DECLARATORY JUDGMENT __

ASSIGNED TO JUSTICE HJELM                                          Added
                                                                  - 5/26/00
DONALD L. GARBRECHT
LAW LIBRARY

NOV 15 2000

                                          EMPLOYERS' FIRE INSURANCE COMPANY  - 5/26/00
                                          *PRUDENTIAL INSURANCE COMPANY,
                                          NATIONAL INDEMNITY COMPANY,
                                          JOHN DEERE INSURANCE COMPANY,
                                          COMMERCIAL UNION INSURANCE COMPANY and
                                          COMMERCIAL UNION INSURANCE COMPANY

KIRK MELLOTT                      VS.                                    11-9-00

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT LAW OFFICES<br>P O BOX 2339 - 82 Columbia StREET<br>BANGOR ME 04402-2339<br>BY: Arthur J. Greif, Esq. | *PAUL S. DOUGLASS, ESQ.<br>P O BOX 960, LEWISTON, ME 04243-0960<br>FOR: Prudential Insurance Company |
| | Rudman & Winchell, LLC<br>P.O. BOX 1401<br>Bangor Me 04402-1401   Heather Russell<br>By: David C. King, Esq. Fine, Esq.<br>For:  Commercial Union York Insurance Co. |

| Date of Entry | Douglas J. Alofs, Esq.<br>P O Box 568, Portland ME 04112<br>FOR: Commercial Union Insurance Co.<br>And:  James C. Hunt, Esq. | James D. Poliquin, Esq.<br>P O BOX 4600, Portland, ME 04112-4600<br>FOR: John Deere Insurance Company |
|---|---|---|
| 8/4/99 | Complaint filed. | |
| 8/5/99 | Case File Notice Postcard forwarded to Plaintiff's counsel. | |
| 8/18/99 | Answer of Defendant Prudential Insurance Company filed. | |
| 8/18/99 | Acceptance of Service on behalf of Prudential  Insruance Company filed by Paul S. Douglass, Esq. (s.d. 8/16/99) | |
| 8/20/99 | Acceptance of Service on behalf of Commercial Union Insurance Company by David C. King, Esq. filed (s.d. 8/19/99) | |
| 8/27/99 | Defenses and Answer filed by attorney of record for Defendant Commercial Union York Insurance Company. | |
| 10/26/99 | Acceptance of Service on behalf of Defendant John Deere Insurance Company by James D. Poliquin, Esq. filed (s.d. 10/21/99) | |
| 11/1/99 | Acceptance of Service on behalf of National Indemnity Company by Kevin G. Libby, Esq. filed (s.d. 10/6/99) | |
| 11/4/99 | Plaintiff's Motion for Enlargement of Time within Which to file Return of Service and Incorporated Memorandum of Law filed. | |
| 11/8/99 | Officer's Return of Service as to Defendant Commercial Union, in its Capacity, Worker's Compensation Insurer c/o Brenda Piampiano filed. (s.d. 11/1/99) | |
| 11/10/99 | Upon Motion for Enlargement of Time, order filed.  Motion GRANTED. The time within Plaintiff has to file a return of service for the last of the insurance company defendants is enlarged to November 17, 1999.  (Kravchuk, M).  (Order signed 11/8/99)  Copy forwarded to Attorneys of Record. | |